**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DELFON BLAIR,

    Plaintiff,                                                   Case No. 1:13cv00173

    v.                                                      Barrett, J.
                                                                Bowman, M.J.

WALMART, *et al.*,

    Defendants.

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 47). The Plaintiff seeks reconsideration of the Order of the undersigned of January 22, 2018, denying Plaintiff's motion for "rehearing" (Doc. 45).

Having reviewed the instant motion, the undersigned recommends that Plaintiff's motion for reconsideration be denied. Plaintiff has provided no additional valid arguments that would warrant reconsideration of the Court's prior Order. Plaintiff's complaint was dismissed with prejudice and judgment was entered on April 16, 2013, nearly five years ago. After Plaintiff objected and filed multiple motions to reopen which were denied, a subsequent judgment was entered on February 4, 2014. Exactly one year later, on February 4, 2015, Plaintiff filed his Notice of Appeal to the Sixth Circuit. Ultimately, the appeal was dismissed on April 10, 2015 as being untimely.

While the Court acknowledges Plaintiff's claim that he has been hospitalized at Twin Valley Behavioral Healthcare in Columbus, Ohio, as well as "kepe [sic] in Kentucky," this argument does not rebut the fact that the time to seek relief of any kind from this Court expired a long time ago.

A review of the docket sheet shows a pattern of Plaintiff continually making

various arguments to reopen this case. Each such motion has been thoroughly reviewed by the undersigned and/or then-Senior Judge Sandra Beckwith. At this time, it is appropriate to warn Plaintiff that further attempts to reopen a case that has been dismissed with prejudice many years earlier can no longer be tolerated.

In a similar case, where a civil litigant continued to file frivolous post-judgment motions concerning issues already decided by this Court, the Court deemed the plaintiff's conduct so vexatious as to require sanctions. *See Smith v. Indian Hill Exempted Village School District*, Order in Case No. 1:10-cv-718 (S.D. Ohio February 13, 2014) (Doc. 106). Mr. Smith continued to inundate this Court with frivolous post-trial motions after his claims were dismissed. Left with no other recourse, then-Chief Judge Susan J. Dlott enjoined and prohibited Smith from filing "any further motions or papers in this case, unless such motions or papers are certified as non-frivolous by an attorney," and directed the Clerk of Court not to accept any further motions or papers in that action unless so certified. Judge Dlott was careful to note that her Order "did not apply to any notice of appeal to the Sixth Circuit Court of Appeals should Plaintiff wish to file to obtain review of this Order." *Id.* at 3, n.2. Mr. Smith appealed, but the Sixth Circuit affirmed the order of this Court enjoining him from filing further motions in the case. *See Smith v. Indian Hill Exempted Vill. Sch. Dist.*, No. 14-3223 (6th Cir. May 4, 2015)(unpublished). Smith appealed again, but the Sixth Circuit denied his motion to recall the mandate. *Smith v. Indian Hill Exempted Vill. Sch. Dist.*, No. 14-3223 (6th Cir. Oct. 9, 2015)(unpublished).

Smith returned to the district court where he attempted to file an additional motion in violation of the district court's order that the motion be certified as non-frivolous by an attorney. The district court struck the motion from the record in violation

of its prior order. The Sixth Circuit again affirmed, reiterating the legitimacy of this Court's order to curb "Smith's persistence in filing frivolous post-judgment motions." *Smith v. Indian Hill Exempted Vill. Sch. Dist.*, No. 15-4067 (6th Cir. July 1, 2016), also filed as Docket Entry 113 in District Court Case No. 1:10-cv-718.

Based upon the record presented and the precedent established by *Smith v. Indian Hill Exempted Vill. Sch. Dist.*, the undersigned warns Plaintiff that a continued post-judgment motion practice will be deemed to be vexatious and a waste of judicial resources. The Sixth Circuit has repeatedly recognized that the Court "has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." *Stewart v. Fleet Financial,* 229 F.3d 1154, 2000 WL 1176881 (6th Cir., August 10, 2000) (citing *Feathers v. Chevron U.S.A.,* 141 F .3d 264, 269 (6th Cir.1998); *Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir.1987).

Accordingly, **IT IS RECOMMENDED THAT**:

1. Plaintiff's motion for reconsideration (Doc. 47) be **DENIED**;

2. The Court should warn Plaintiff that if his practice of continuing to file frivolous, meritless motions continues, the Court will recommend sanctions that would require any further motions or papers in this case to be summarily denied, unless such motions or papers are certified as non-frivolous by an attorney.

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DELFON BLAIR,

      Plaintiff,                                              Case No. 1:13cv00173

      v.                                                        Barrett, J.
                                                                     Bowman, M.J.

WALMART, *et al.*,

      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).